```
 1
 2
 3
 4
 5
 6                  IN THE UNITED STATES DISTRICT COURT FOR THE
 7                         EASTERN DISTRICT OF CALIFORNIA
 8
 9   JOSE LUIS SANDOVAL,            )    No. CV-F-05-980 REC
                                    )    (No. CR-F-02-5043 REC)
10                                  )
                                    )    ORDER DENYING PETITIONER'S
11                  Petitioner,     )    MOTION FOR RELIEF PURSUANT
                                    )    TO 28 U.S.C. § 2255 AND
12        vs.                       )    DIRECTING ENTRY OF JUDGMENT
                                    )    FOR RESPONDENT
13                                  )
     UNITED STATES OF AMERICA,      )
14                                  )
                                    )
15                  Respondent .    )
                                    )
16   _____)
```

On July 11, 2005, petitioner Jose Luis Sandoval filed an "Ex Parte Application to Dismiss Outstanding Citations, Warrants, Informations, Charges, Complaints, and Fines or Detainer(s), Trespasses" and a "Motion to Dismiss for Lack of Territorial Jurisdiction" in the United States District Court for the Central District of California.  By Order filed on July 19, 2005, these motions were recharacterized by the Central District as motions seeking relief pursuant to 28 U.S.C. § 2255 from the judgment entered against petitioner in United States v. Sandoval, No. CR-F-02-5043 REC, and transferred to this court.

1

1    Petitioner pleaded guilty pursuant to a written plea
2 agreement to a violation of 21 U.S.C. § 843(b).  Petitioner was
3 sentenced on December 9, 2002 to 48 months in custody and 12
4 months of supervised release.  No appeal was filed.
5    The court denies petitioner's "Ex Parte Application to
6 Dismiss Outstanding Citations, Warrants, Informations, Charges,
7 Complaints, and Fines or Detainer(s), Trespasses".  Petitioner
8 has been released from custody by the Bureau of Prisons.
9 Therefore, petitioner's demand that any detainers be served on
10 him immediately, that he be released from federal incarceration
11 and immediately deported pursuant to the INS detainer for
12 possible deportation is mooted by his release.
13    To the extent that petitioner's motion challenge the
14 legality of his conviction and sentence by this court in the
15 criminal action pursuant to 28 U.S.C. § 2255, petitioner's motion
16 is denied as untimely because it was not filed within the one-
17 year period set forth in Section 2255 and petitioner makes no
18 showing that he is entitled to equitable tolling of the one-year
19 period.
20    However, even if this motion was timely filed, petitioner
21 would not be entitled to relief.  Petitioner's affidavit in
22 support of his motion appears to be a "form" affidavit used
23 indiscriminately in support of motions for relief from federal
24 incarceration.  In this affidavit, petitioner refers to 8 U.S.C.
25 § 1325, contending that the "rule of Lenity" requires that "Count
26 2" be dismissed as unlawful, that "No prior used against me was

(1) proven beyond a reasonable doubt, (2) admitted to voluntarily, knowingly or intelligently", that "To use priors as part of a Statute as [8 U.S.C. §§ 1325, 1326] requires a finding of fact by a jury or such statute violates the doctrine of Constitutional Avoidance."  However, these claims are irrelevant to this petitioner.  Petitioner was not charged in this action with violations of 8 U.S.C. § 1325 or 1326.  If petitioner is contending that his sentence could not be enhanced by the court under the Sentencing Guidelines unless the fact(s) of his prior conviction(s) had been proved beyond a reasonable doubt, petitioner's claim is without merit.  Neither <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) nor <u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005) upset the rule that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), carves out an exception for proving the fact of a prior conviction to the jury beyond a reasonable doubt or by admitting the prior conviction under oath during a guilty plea.  See <u>United States v. Brown</u>, ___ F.3d ___, 2005 WL 1863280 (9th Cir. 2005).  Finally, petitioner's contention that dismissal of the criminal charges against him is required "because of the lack of exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity in the indictment took place" is without merit and frivolous.  See <u>United States v. Sitton</u>, 968 F.2d 947, 953 (9th Cir. 1992).

    ACCORDINGLY:

    1.   Petitioner's deemed motion for relief pursuant to 28

1  U.S.C. 2255 is denied.

2      2.  The Clerk of the Court is directed to enter judgment for
3  respondent.

4  IT IS SO ORDERED.

5  **Dated:  August 15, 2005**             /s/ Robert E. Coyle
   668554                                  UNITED STATES DISTRICT JUDGE